No. 21-16540

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ANTHONY CHERNETSKY,
*Plaintiff-Appellant*,

v.

STATE OF NEVADA, et al.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Nevada
No. 3:06-cv-00252-RCJ-WGC
Hon. Robert C. Jones

**APPLICATION FOR ATTORNEYS' FEES ON APPEAL**

James A. Sonne
Zeba A. Huq
STANFORD LAW SCHOOL
RELIGIOUS LIBERTY CLINIC
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: (650) 723-1422
Facsimile: (650) 723-4426
jsonne@law.stanford.edu

Samuel Weiss
Oren Nimni
RIGHTS BEHIND BARS
416 Florida Avenue, N.W.
Suite 26152
Washington, DC 20001
Telephone: (202) 455-4399
sam@rightsbehindbars.org

*Attorneys for Appellant*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................... ii

INTRODUCTION ........................................................................................................ 1

ARGUMENT ................................................................................................................ 2

    I.    RLUIPA AUTHORIZES AN AWARD OF ATTORNEYS' FEES FOR THIS APPEAL TO CHERNETSKY AS A PREVAILING PARTY ............................................................................. 2

    II.   CHERNETSKY SEEKS A REASONABLE LODESTAR IN THE AMOUNT OF $100,200 ......................................................... 4

   III.  THE PUBLIC INTEREST FURTHER JUSTIFIES THE REQUESTED FEE AWARD FOR THIS APPEAL ..................... 6

CONCLUSION ............................................................................................................ 7

FORM 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Balla v. Idaho*,
 677 F.3d 910 (9th Cir. 2012) ............................................................... 3

*Ballen v. City of Redmond*,
 466 F.3d 736 (9th Cir. 2006) ............................................................... 4

*Chernetsky v. Nevada*,
 No. 21-16540, 2024 WL 1253783 (9th Cir. Mar. 25, 2024) ................. 1

*Cutter v. Wilkinson*,
 544 U.S. 709 (2005) ............................................................................ 7

*Edmo v. Corizon, Inc.*,
 No. 22-35876, 2024 WL 1473798 (9th Cir. Apr. 5, 2024) ................... 7

*Gonzalez v. City of Maywood*,
 729 F.3d 1196 (9th Cir. 2013) ............................................................. 4

*Greenpeace, Inc. v. Stewart*,
 No. 17-35945, 2020 WL 2465321 (9th Cir. May 12, 2020) ................. 5

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983) ........................................................................ 2, 3

*Jacobson v. Persolve, LLC*,
 No. 14-CV-735, 2016 WL 7230873 (N.D. Cal. Dec. 14, 2016) ............ 6

*Johnson v. Advanced Air Sols. Inc.*,
 No. 19-CV-613, 2020 WL 2084898 (N.D. Cal. Apr. 30, 2020) ............ 6

*Jordan v. United States Dep't of Justice*,
 691 F.2d 514 (D.C. Cir. 1982) ............................................................ 3

*Kimbrough v. California*,
 609 F.3d 1027 (9th Cir. 2010) ............................................................. 2

*Mayweathers v. Newland*,
 314 F.3d 1062 (9th Cir. 2002) ........................................................ 6, 7

*McCown v. City of Fontana*,
 565 F.3d 1097 (9th Cir. 2008) ............................................................. 4

*Missouri v. Jenkins*,
    491 U.S. 274 (1989) ................................................................................ 5

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ................................................................ 4

*Perez v. Cate*,
    632 F.3d 553 (9th Cir. 2011) .................................................................. 5

*Perez v. Westchester Cty. Dep't of Corr.*,
    587 F.3d 143 (2d Cir. 2009) ................................................................... 3

*Warsoldier v. Woodford*,
    418 F.3d 989 (9th Cir. 2005) .................................................................. 2

*Wood v. Burwell*,
    837 F.3d 969 (9th Cir. 2016) .................................................................. 3

**Statutes**

18 U.S.C. § 3006A ...................................................................................... 5

42 U.S.C. § 1988 .................................................................................... 1, 2

42 U.S.C. § 1997e ........................................................................... 3, 4, 5, 6

42 U.S.C. § 2000cc-1 .............................................................................. 1, 2

**Rules**

California Rule of Court 9.42(d) ............................................................... 5

Ninth Circuit Rule 39-1.6 .......................................................................... 1

**Other Authorities**

Guide to Judiciary Policy § 230.16(a) .................................................... 5, 6

## INTRODUCTION

Across nearly two decades of litigation, Nevada inmate Anthony Chernetsky challenged his prison's denial of access to the natural anointing oils his faith requires. Thankfully, this Court last month determined that Nevada's actions violate the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, and it ordered summary judgment in Chernetsky's favor. *Chernetsky v. Nevada*, No. 21-16540, 2024 WL 1253783 (9th Cir. Mar. 25, 2024).

Where an inmate plaintiff prevails in a RLUIPA case, the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, in turn authorizes an award of attorneys' fees that compensates counsel for their time and deters such violations of civil rights. Moreover, where the plaintiff has prevailed at the Court of Appeals, Circuit Rule 39-1.6 provides that an application for fees incurred in that appeal is appropriate here. Finally, in calculating a fee award, this Court considers whether a lodestar of the counsel's hourly rate and time spent in the litigation are reasonable under the circumstances.

Given his outright victory in this Court and the public interest it advances, Chernetsky seeks an attorney-fee award for this appeal of

1

$100,200 based on a lodestar using an hourly rate of $150 for time spent by his bar-certified student attorneys at the Stanford Law School Religious Liberty Clinic.[1]

## ARGUMENT

**I. RLUIPA AUTHORIZES AN AWARD OF ATTORNEYS' FEES FOR THIS APPEAL TO CHERNETSKY AS A PREVAILING PARTY.**

Congress enacted RLUIPA to "provide inmates a mechanism to seek redress against the frivolous or arbitrary barriers [that] impede[] institutionalized persons' religious exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (internal quotation marks omitted). To advance this purpose, RLUIPA forbids substantial burdens on prisoners' religious exercise absent "a compelling governmental interest" pursued by "the least restrictive means." 42 U.S.C. § 2000cc-1(a).

What's more, Section 1988 includes successful RLUIPA claims in its fee-shifting provision for covered civil-rights suits. 42 U.S.C. § 1988(b). Courts thus award reasonable attorneys' fees to a "prevailing

---

[1] Based on our understanding of Circuit Rule 39-1.6 ("Costs and Attorneys Fees on Appeal"), this application concerns only fees incurred from the litigation of this appeal. Under the Rule, this application is timely as it is filed fourteen days after the deadline for filing a petition for rehearing in the appeal.

2

party . . . for any action or proceeding brought to enforce" RLUIPA. *Kimbrough v. California*, 609 F.3d 1027, 1031 (9th Cir. 2010).

A litigant is generally considered a prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit . . . sought." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted); *see also Wood v. Burwell*, 837 F.3d 969, 979 (9th Cir. 2016) (deeming plaintiffs prevailing parties where remand "represented success"). And although the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, may provide additional rules on an inmate's ability to recover attorneys' fees, it allows an award of fees that are "directly and reasonably incurred in proving an actual violation" of the inmate's rights. *Balla v. Idaho*, 677 F.3d 910, 918 (9th Cir. 2012).

Notably, a plaintiff's representation by a non-profit legal clinic does not affect the right to recover reasonable attorneys' fees; indeed, such fees are recoverable. *See Jordan v. United States Dep't of Justice*, 691 F.2d 514, 524 (D.C. Cir. 1982) (explaining that fees for student work in a clinic are recoverable and "should represent the market value of their services"). And, in any event, fees are available where counsel accepts the case pro bono. *See, e.g.*, *Perez v. Westchester Cty. Dep't of Corr.*, 587 F.3d

3

143, 145 (2d Cir. 2009) (holding pro bono counsel entitled to attorneys' fees in case brought to enforce Muslim inmates' right to Halal meat).

Here, Chernetsky is indeed the prevailing party where this Court not only reversed the district court's summary judgment against him but remanded for "entry of a judgment in favor of Chernetsky." *Chernetsky*, 2024 WL 1253783, *2. Moreover, because the fees that this application concerns were incurred in this appeal, and this appeal in turn concerned only the successful claim to natural anointing oils, Chernetsky's request also meets the PLRA's insistence that the fees be "directly and reasonably incurred in proving" the RLUIPA violation. 42 U.S.C. § 1997e(d)(1).

## II. CHERNETSKY SEEKS A REASONABLE LODESTAR IN THE AMOUNT OF $100,200.

To calculate an award of attorneys' fees, courts typically use a "lodestar" method, where they multiply a reasonable hourly rate by the number of hours reasonably spent by attorneys on the case. *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1202 (9th Cir. 2013). The product of this computation is a "presumptively accurate measure of reasonable fees." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

Where a fee award is available, courts generally "defer to a . . . lawyer's professional judgment as to how much time he was required to

4

spend." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Declarations on the hours spent can establish reasonableness. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008).

In inmate cases, the PLRA includes a cap on the hourly rate of 150% the base rate established by the Criminal Justice Act, 18 U.S.C. § 3006A, "for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). And the latter statute provides that this rate shall be determined by the Judicial Conference. *Perez v. Cate*, 632 F.3d 553, 555 (9th Cir. 2011). In 2024, the Judicial Conference set the rate at $172; at no point during the present appeal has the rate been below $150. Guide to Judiciary Policy § 230.16(a).

Regarding a "reasonable hourly rate," courts consider whether the rate sought is consistent with the "prevailing market rate" and include in recoverable fees those for support staff, certified law students, and practicing attorneys. *See Missouri v. Jenkins*, 491 U.S. 274, 285–86 (1989) (including in fee award amounts for those supporting the attorneys' "work product"). Here, the Stanford Clinic students were certified under California Rule of Court 9.42(d) and their work's value can be judged by awards for law students in other cases. *See Greenpeace,*

*Inc. v. Stewart*, No. 17-35945, 2020 WL 2465321, at *8 (9th Cir. May 12, 2020) (evaluating law-student clerk rate based on "that of law clerks of reasonably comparable skill").

Accordingly, Chernetsky requests an hourly rate of $150 for the Clinic's bar-certified students, which, when combined with the time spent on the case (668 hours), yields a lodestar of $100,200.

The supporting declaration and student records support the time spent on this appeal. *See* Sonne Decl., Ex. A. In fact, supervisor James Sonne includes nothing for his time nor that of the Clinic's staff attorney, paralegal, legal assistant, and at least two full-time students. *Id*. at pp. 4, 6.

Moreover, a $150 hourly rate is reasonable—whether compared to other awards for student time or the $228 PLRA cap. *See Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2016 WL 7230873, at *7 (N.D. Cal. Dec. 14, 2016) (finding $180 reasonable for a clinic student); *Johnson v. Advanced Air Sols. Inc.*, No. 19-CV-00613-LHK, 2020 WL 2084898, at *11 (N.D. Cal. Apr. 30, 2020) (approving $160 for certified law student); 42 U.S.C. § 1997e(d)(3), Guide to Judiciary Policy § 230.16(a).

## III. THE PUBLIC INTEREST FURTHER JUSTIFIES THE REQUESTED FEE AWARD FOR THIS APPEAL.

This appeal involves a critical issue of public policy: the right of inmates to practice their faith in prison. *See Mayweathers v. Newland*, 314 F.3d 1062, 1067 (9th Cir. 2002) ("RLUIPA follows a long tradition of federal legislation designed to guard against . . . infringement on fundamental freedoms."). Whether from "indifference, ignorance, bigotry, or lack of resources," Chernetsky has been denied natural anointing oils since 2004. *Cutter v. Wilkinson*, 544 U.S. 709, 716 (2005).

Awarding attorneys' fees for this appeal would therefore also promote the important policy goals of both deterring state prison systems from curbing inmate free religious exercise and inducing competent counsel to undertake cases challenging these violations. *See Edmo v. Corizon, Inc.*, No. 22-35876, 2024 WL 1473798, at *5 (9th Cir. Apr. 5, 2024) (explaining that in "landmark" cases vindicating inmate rights, even enhancements to the lodestar can be appropriate under the PLRA).

## CONCLUSION

Given this Court's order for judgment to be entered in Chernetsky's favor, the reasonableness of his counsel's time and hourly rates, and the

7

public interest, Chernetsky seeks an award of $100,200 for attorneys' fees in this appeal.

Date: April 22, 2024

Respectfully submitted,

STANFORD LAW SCHOOL
RELIGIOUS LIBERTY CLINIC

By: */s/ James A. Sonne*

*Attorneys for Appellant*
Anthony Chernetsky

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 9. Application for Attorneys' Fees under Circuit Rule 39-1.6

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form09instructions.pdf

**9th Cir. Case Number(s)** No. 21-16540

**Case Name** Anthony Chernetsky v. State of Nevada

For each amount claimed, please attach itemized information indicating service provided, date, hours, and rate.

| DESCRIPTION OF SERVICES | Hours | Amount Claimed |
|---|---|---|
| Interviews and Conferences | 146.7 | $ 22,005.00 |
| Obtaining and Reviewing Records | 18.8 | $ 2820.00 |
| Legal Research | 110.1 | $ 16,515.00 |
| Preparing Briefs | 253.7 | $ 38,055.00 |
| Preparing for and Attending Oral Argument | 83.0 | $ 12,450.00 |
| Other (*specify below*)<br>Preparing attorney's fee memorandum and declaration (53.3 hours, $7995); other (2.4 hours, $360). | 55.7 | $ 8,655.00 |
| **Total Hours/Compensation Requested:** | 668.00 | $ $100,200.00 |

**Signature** s/James A. Sonne     **Date** April 22, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 9**                                                                                        *Rev. 01/24/2019*

# CERTIFICATE OF COMPLIANCE

The foregoing Application for Attorneys' Fees contains <u>1404</u> words, including <u>0</u> words manually counted in any visual images, and excluding the items exempted by Federal Rules of Appellate Procedure (FRAP) 27(d)(2) and 32(f). The application's type size and typeface comply with FRAP 27(d)(1).

I certify that this application complies with the word limit of FRAP 27(d)(2).

Dated: April 22, 2024                <u>*/s/ James A. Sonne*</u>
                                                                                James A. Sonne

                                                                                *Attorney for Appellant*
                                                                                Anthony Chernetsky

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing document, **Application for Attorneys' Fees**, with the United States Court of Appeals for the Ninth Circuit, using the CM/ECF system. I further certify that all parties, through their counsel of record, are registered as ECF filers and that they will be simultaneously served via Notice of Docketing Activity (NDA).

Dated: April 22, 2024

/s/ *James A. Sonne*
James A. Sonne
*Attorney for Appellant*
Anthony Chernetsky